UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FRANK E. PRINE                                CIVIL ACTION

VERSUS                                        NUMBER: 07-4147

MICHAEL J. ASTRUE,                            SECTION: "R"(5)
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION


                    **REPORT AND RECOMMENDATION**


     On August 13, 2007, pro se plaintiff, Frank E. Prine, tendered to the Court for filing the above-captioned lawsuit seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration denying him Supplemental Security Income ("SSI") benefits.  (Rec. doc. 1). Plaintiff was granted leave to file his complaint in forma pauperis under 28 U.S.C. §1915 on August 21, 2007.  (Rec. doc. 3).  At that time, summons was issued and was forwarded to plaintiff for service purposes under Rule 4, Fed.R.Civ.P., along with an instructional letter advising him that the U.S. Marshal  was available to effect service on his behalf under Rule 4(c)(2).  (Rec. doc. 4).  Unfortunately, that piece of mail was returned to the Court as undeliverable on August

30, 2007 based upon the misspelling of plaintiff's street address. (Rec. doc. 5).

On September 6, 2007, the Clerk re-mailed summons and another copy of the instructional letter to plaintiff at the street address he had listed on his complaint. (Entry foll. rec. doc. 5). That piece of mail has not been returned as undeliverable. In an abundance of caution, on September 20, 2007, the Clerk mailed yet another summons and a copy of her instructional letter to plaintiff at the post office box listed as a return address on the envelope in which he had mailed his complaint to the Court. (Second entry foll. rec. doc. 5). That piece of mail, too, has not been returned as undeliverable.

In accordance with Local Rule 16.2E, after nearly six months had passed a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been made on the named defendant, the Court ordered plaintiff to show cause, in writing and on or before February 8, 2008, as to why his lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 6). A copy of the Court's minute entry scheduling the rule to show cause was mailed to plaintiff at his address of record and has not been returned as undeliverable. No response to the show cause order has been received from plaintiff. It has now been nearly six months since this case was filed and proof of service is still absent from the record.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly six months since this lawsuit was filed and proof of service on the named defendant is lacking.  By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon him the need to prosecute his case.  Unfortunately, no response to the show cause order has been forthcoming.  As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.  Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  13th  day of ___February___, 2008.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE